IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER LUMPKIN, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:23-cv-80-HEH
)
DAUGHERTY, )
)
    Defendant. )

## MEMORANDUM OPINION
### (Granting Rule 59(e) Motion)

Plaintiff Christopher Lumpkin ("Lumpkin"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C § 1983 action. By Memorandum Order entered on January 27, 2025, the Court directed the Clerk to file an Entry of Default against Defendant Daugherty. (ECF No. 49, at 1.)[1] In the January 27, 2025 Memorandum Order, the Court also instructed Lumpkin that he may file a motion for default judgment within thirty (30) days of the date of entry thereof and provided him with specific instructions. (*Id.* at 1–2.) The Court explained that the failure to comply with the Court's directions would result in dismissal of the action. (*Id.* at 2.) More than thirty (30) days elapsed, and Lumpkin failed to file a motion for default judgment. Accordingly, by Memorandum Opinion and Order entered on March 7, 2025, the Court dismissed the action without prejudice. (ECF Nos. 51, 52.)

---

[1] The Court employs the pagination assigned to the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from Lumpkin's submissions.

On March 20, 2025, the Court received a "MOTION OF APPEAL's" from Lumpkin. The Clerk construed this as a notice of appeal. (ECF No. 54.) In the motion, Lumpkin indicated that he "have not go nothing from Court since last year," is housed in Restorative Housing, and he asks the Court not to dismiss the action. (*Id.* at 1.) By Memorandum Order entered on April 17, 2025, the Court explained as follows:

> At this juncture, it is unclear whether Lumpkin received the Court's March 7, 2025 Memorandum Opinion and Order dismissing the case.[2] Nevertheless, because it appears that he did not receive the January 27, 2025 Memorandum Order, the Court will provide Lumpkin with another opportunity to comply with that order.
> Accordingly, the Clerk is DIRECTED to send Lumpkin a copy of the January 27, 2025 Memorandum Order and a copy of the docket sheet. Lumpkin has thirty (30) days from the date of entry hereof to comply with the directions in the January 27, 2025 Memorandum Order. If Lumpkin timely complies with the directions in the January 27, 2025 Memorandum Order, the Court will reopen the action. If Lumpkin fails to timely comply, the action will remain closed.

(ECF No. 57, at 1–2.)

On May 5, 2025, the Court received a "Motion Default Judgment" from Lumpkin. (ECF No. 59 (capitalization corrected).) In sum, Lumpkin stated:

> The motion default judgment against Daugherty in [a]mount of $135,000 for the pain that she made the Plaintiff Christopher Lumpkin have and mental and emotional injury and when the Defendant made Christopher

---

[2] If Lumpkin had received the March 7, 2025 Memorandum Order and his motion challenged the dismissal of the action, the Court would construe his March 20, 2025 motion a Motion for Reconsideration under Rule 59(e). ("Rule 59(e) Motion," ECF No. 53.) *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))). At this point it is unclear what Lumpkin has received, so the Court takes the motion (ECF No. 53) under advisement and provides Lumpkin another opportunity to comply with the January 27, 2025 Memorandum Order.

2

> Lumpkin suffer[] and the Court should [grant] this motion default because the lack of care Defendant Daughtery has for this case.

(*Id.* at 1.) By Memorandum Order entered on May 13, 2025, the Court explained that Lumpkin's Motion Default Judgment wholly failed to comply with the directions provided to him in the January 27, 2025 Memorandum Order. (ECF No. 60, at 2.) Nevertheless, because Lumpkin attempted to comply with the Court's order, the Court provided Lumpkin with a final opportunity to file an appropriate motion for default judgment and an accompanying memorandum.

On May 27, 2025, Lumpkin filed a submission entitled, "MEMORANDUM ORDER." (ECF No. 61.) Lumpkin indicates that this submission is a "motion for default judgment." (*Id.*) Notably, Lumpkin once again did not strictly comply with the directions provided by the Court for what he needed to file to properly move for a motion for default judgment. Nevertheless, the Court believes that Lumpkin has attempted to comply. In light of the deference afforded to *pro se* litigants, and for the reasons stated below, the Court will grant the Rule 59(e) Motion.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing

3

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Lumpkin does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. However, the Court construes Lumpkin to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.*

In his Rule 59(e) Motion, Lumpkin indicates that he did not receive the initial January 27, 2025 Memorandum Order that directed him to file a motion for default judgment. Therefore, he could not respond within thirty days. Since that time, Lumpkin has made the effort to attempt to comply with that order and subsequent orders. Thus, Lumpkin sufficiently demonstrates that the Court should vacate the March 7, 2025 Memorandum Opinion to prevent a manifest injustice to Lumpkin. Accordingly, the Rule 59(e) Motion (ECF No. 53) will be granted. The Clerk will be directed to reopen the action. The Court will continue to process the action.[3]

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Court

Date: June 3, 2025
Richmond, Virginia

---

[3] By Memorandum Order entered on January 27, 2025, the matter was referred to the Honorable Mark R. Colombell, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b), for all further default proceedings and for preparation of a report and recommendation on the Motion for Default Judgment and for any hearing on damages. (ECF No. 49, at 2.)

4