IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER LUMPKIN,
    Plaintiff,

        v.                        Civil Action No. 3:23-cv-00080 (HEH)

DAUGHERTY,
    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Lumpkin, a Virginia inmate currently incarcerated at Sussex I State Prison, brings this action under 42 U.S.C. § 1983, alleging that Defendant Daugherty, a former corrections officer at Sussex I State Prison, violated Plaintiff's Eighth Amendment rights by subjecting him to cruel and unusual punishment. (ECF No. 16.)

The Clerk entered default against Defendant on January 27, 2025. (ECF No. 50.) Plaintiff then moved for default judgment. (ECF No. 61.) The District Court referred this matter to the undersigned for a Report and Recommendation on Plaintiff's Motion for Default Judgment (ECF No. 61) (the "Motion for Default Judgment") pursuant to 28 U.S.C. § 636(b)(1)(B), specifically to determine Plaintiff's damages and to assess whether Plaintiff properly set forth the requisite factual and legal basis for the Court's subject matter jurisdiction, personal jurisdiction, and venue. (ECF No. 49.) Accordingly, on October 3, 2025, the undersigned presided over an evidentiary hearing, during which the Court heard testimony from Plaintiff and Plaintiff's witness, Quesha DreamyLove. (ECF No. 68.) Though notified by mail[1] of the hearing date and time, Defendant did

---

[1] On August 21, 2025, the Clerk's Office discovered that the original mailed notice had been sent to an incorrect address for Ms. Daugherty. (ECF No. 69.) The Court understands that the Clerk remailed the notice to the most recent address provided for Ms. Daugherty on the same day, using the address provided in the sealed summons (ECF No. 45).

1

not appear at the October 3, 2025 evidentiary hearing.

Upon review of the record and the evidence produced during the hearing, the undersigned finds that Plaintiff has sufficiently proven his damages and RECOMMENDS that the Court enter judgment for Plaintiff in the amount of $3,000, consisting of $2,000 in compensatory damages and $1,000 in punitive damages.

## I. FACTUAL BACKGROUND

Plaintiff's Second Particularized Complaint (ECF No. 16) describes an incident that occurred on November 18, 2022 while Plaintiff was incarcerated at Sussex I State Prison. (ECF No. 16, at 1.) There, Defendant removed Plaintiff from his cell sometime in the afternoon and brought him to a different cell. (*Id*.) Defendant instructed Plaintiff to remove his clothes except for his undergarments. (*Id*. at 1, 3.) Defendant then forced Plaintiff into a bent down position and chained his hands to his ankles. Plaintiff remained in the cell in this position for approximately twenty-four hours. (*Id*. at 3.) During this time, neither Defendant nor any other correctional employees came to this cell, and he was forced to "use the bathroom on" himself. (*Id*.) As a result of being in the bent down position for an extended time, Plaintiff suffered physical pain, as well as emotional distress. (*Id*.)

## II. DISCUSSION

As a threshold matter, *pro se* pleadings are required to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction "does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court." *James v. Wright*, No. 2:20-cv-4228, 2020 WL 8083879, at *1 (D.S.C. Dec. 11, 2020) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Because Plaintiff is proceeding *pro se*, the Court will assess Plaintiff's motions accordingly. The Court first assesses whether subject matter jurisdiction, personal jurisdiction, and venue are proper. The Court will then turn to the sufficiency of Plaintiff's Particularized Complaint and make an independent assessment of Plaintiff's damages based on the evidence in the record.

### A. Jurisdiction, Service, Venue, and Plaintiff's Particularized Complaint.

As part of the District Court's referral order, the District Court directed Plaintiff to address whether: (1) the Court has subject matter jurisdiction over this action; (2) personal jurisdiction over the Defendant; (3) venue is proper; (4) the Defendant was properly served; and (5) the Particularized Complaint establishes a claim on which relief can be granted. (ECF No. 49.) The Court addresses each of these issues in turn.

#### 1. The Court has Subject Matter Jurisdiction Over Plaintiff's Claims under 28 U.S.C. § 1331.

The burden of establishing federal subject matter jurisdiction lies with the party asserting it. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). "Thus the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id*. In Plaintiff's Complaint, he claims the Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1343(a)(3)-(4). (ECF No. 1 at 1.)

Under 28 U.S.C. § 1331, federal question jurisdiction exists if Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint" rule governs whether a federal court has federal question jurisdiction under § 1331

3

over a plaintiff's claim. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, federal jurisdiction exists only if a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Id*.

In Plaintiff's first Complaint, he alleged that Defendant violated various prison operating procedures (ECF No. 1 ¶ 20), falsely imprisoned him (*id*. ¶¶ 21-30), and harassed and unlawfully restrained him (*id*. ¶ 42). In his First Particularized Complaint, he alleges that "Sgt. Daugherty violated [Plaintiff's] Civil Rights[,]" and in his Second Particularized Complaint, he alleges that "defendant['s] conduct violated [the] Eighth Amendment prohibition against . . . cruel or unusual punishment." (ECF Nos 13, 16.) Given that Plaintiff alleges that Defendant violated his Eighth Amendment rights and the Court's previous recognition that Plaintiff asserted a claim under 42 U.S.C. § 1983,[2] in combination with the requirement to liberally construe *pro se* motions and filings, the undersigned concludes that Plaintiff has sufficiently pled claims "arising under the Constitution, laws, or treaties of the United States" such that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Because the Court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, it need not address Plaintiff's claim that it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1343(a)(3)-(4).

    2.    *The Court has Personal Jurisdiction Over Defendant Because Service of Process was Proper.*

Personal jurisdiction "is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). "A defendant must be properly served with process for the Court to have personal jurisdiction over that defendant." *See Mid-Century Ins. Co. v. Thompson*, No.

---

[2] "Plaintiff . . . brings this 42 U.S.C. § 1983 action." (ECF No. 24).

4

2:18-cv-459, 2019 WL 3769952, at *3 (E.D. Va. Aug. 9, 2019) (citing *Armco v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). "[W]ithout proper service of process on the defendant, the Court lacks personal jurisdiction to enter a default judgment against that defendant." *See Banilla Games, Inc. v. Guangzhou Yingfeng Tech. Co.*, No. 3:23-cv-182, 2023 WL 7413327, at *2 (E.D. Va. Nov. 9, 2023).

A court may establish personal jurisdiction over a defendant by "[s]erving a summons or filing a waiver of service." Fed. R. Civ. P. 4(k)(1). Proper service of process on a defendant can occur by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who lives there." Fed. R. Civ. P. 4(e)(2). "[A]s a general principle, '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *Ramsay v. Sanibel & Lancaster Ins., LLC*, No. 2:11CV207, 2015 WL 3830891, at *6 (E.D. Va. June 19, 2015) (quoting *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005)).

The Fourth Circuit has recognized that *in forma pauperis* plaintiffs, such as Plaintiff here, "must rely on the district court and the [United States Marshals Service] to effect service[.]" *Scott v. Maryland State Dep't of Labor*, 673 Fed App'x. 299, 305 (4th Cir. 2016). Further, "Rule 4(k)(1) provides that the district court may exercise personal jurisdiction over [the defendant] if [the defendant] is 'subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (quoting Fed. R. Civ. P. 4(k)(1)).

After Plaintiff filed his Second Particularized Complaint (ECF No. 16), this Court directed Plaintiff to serve Defendant. (ECF No. 18.) To aid in that process, the Court informed Plaintiff that the Court would "attempt to serve Defendant Daugherty pursuant to a formal electronic service

5

agreement with the Attorney General's Office . . . ." (*Id.*) The Court directed the Clerk's Office to transmit the order, the waiver of service of process, and Plaintiff's Second Particularized Complaint to the Office of the Attorney General. (*Id.*) However, on October 24, 2023, the Office of the Attorney General informed the Court that it could not accept service of process for Defendant as she was "no longer employed by the Commonwealth." (ECF No. 20.) The Office of the Attorney General provided the Court with the last known address of Defendant, under seal. (*Id.*)

On November 2, 2023, the Court directed the Clerk's Office and the United States Marshals Service to serve Defendant and to provide Defendant with the Court's Order and Plaintiff's Second Particularized Complaint. (ECF No. 24.) On November 3, 2023, the Marshal attempted service at the address provided for Defendant. (ECF No. 26.) After Defendant failed to respond to Plaintiff's Second Particularized Complaint, the Court again directed the Clerk's Office and United States Marshal to serve Defendant. (ECF No. 34.) In that Memorandum Order, the Court found that Plaintiff "alleged sufficient facts to demonstrate that he ha[d] a reasonable opportunity to prevail on the merits of his . . . claim against Defendant" and required Daugherty to reply to the Particularized Complaint (ECF No. 16) within thirty days, pursuant to 42 U.S.C. § 1997e(g)(2). (ECF No. 34 at 1-2.)

On July 31, 2024, the Marshal returned the summons as unexecuted, noting that Defendant no longer resided at the address provided by the Office of the Attorney General. (ECF No. 38.) On August 21, 2024, the Court requested that the Office of the Attorney General provide the Court with an updated last known address of Defendant. (ECF No. 40.) After receiving an updated address, on September 6, 2024, the Court again directed the Clerk's Office and United States

Marshal to serve Defendant. (ECF No. 42.) On September 9, 2024, the U.S. Marshal completed substitute service and returned the summons as executed. (ECF No. 45.)

The record indicates that a United States Marshal properly served Defendant by substitute service, leaving the summons and complaint with a suitable individual who resided at Defendant's residence. (ECF No. 45.) Further, the Marshal returned the summons as executed, which is prima facie evidence that service was proper. Without evidence casting doubt on the service of process, the Court accepts the record of service filed in this case (ECF No. 45). Therefore, because service on Defendant was valid, and Defendant failed to reply to the Particularized Complaint after the Court provided notice pursuant to 42 U.S.C. § 1997e(g)(2), the Court is satisfied that it has personal jurisdiction over Defendant in this matter.

    3.    *Venue is Proper in the U.S. District Court for the Eastern District of Virginia.*

In a civil matter in federal court, venue is proper in "a judicial district in which any defendant resides . . ." or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). Based on Plaintiff's Particularized Complaints (ECF Nos. 13, 16), the events giving rise to Plaintiff's claims occurred while Plaintiff was incarcerated at Sussex I State Prison, located at 24414 Musselwhite Drive, Waverly, Virginia 23891.[3] Waverly, Virginia, located in Sussex County, is within the Eastern District of Virginia. Further, the Office of the Attorney General provided an updated residential address for Defendant, filed under seal, where the United States Marshal executed service of process. (ECF No. 41.) That address is also located in the Eastern District of Virginia. Thus, both the events giving rise to Plaintiff's claims and the location of Defendant's residence are within the Eastern District of

---

[3] *See Facilities & Offices*, Virginia Department of Corrections, https://vadoc.virginia.gov/facilities-and-offices/ (last accessed Nov. 17, 2025).

Virginia. Proper venue is established by each, independently. Therefore, the undersigned concludes that venue is proper in this Court.

    4.    *Plaintiff's Particularized Complaint Sufficiently Establishes All Necessary Elements of a Claim on Which Relief Can be Granted.*

The District Court directed Plaintiff to set forth in his Motion for Default Judgment "the factual and legal support" showing "that the Particularized Complaint alleges facts establishing all necessary elements of his claim on which relief can be granted." (ECF No. 49.) Having reviewed Plaintiff's Complaints and Motions for Default Judgment, the undersigned concludes that Plaintiff has sufficiently established the elements of his claim on which relief can be granted.

"In considering a motion for default judgment, [the court] accepts as true the well-pleaded factual allegations in the complaint as to liability." *Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001)). Regarding a § 1983 claim based on an Eighth Amendment violation, "the treatment a prisoner receives . . . and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Additionally, "the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (citing *Hudson v. McMillan*, 503 U.S. 1, 12 (1992)).

When a prison official is accused of using excessive force, violating an inmate's Eighth Amendment right to be free from cruel and unusual punishment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson,* 503 U.S. at 6–7. As such, "courts considering a prisoner's claim must ask both if the official[] act[ed] with a sufficiently culpable state of mind and if the

alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. at 8 (internal quotations omitted).

Plaintiff alleges that Defendant "told [Plaintiff] she didn't like [him] because what [he was] in prison for . . ." and that Defendant "told [Plaintiff] she could rip off [his penis] and no one would care." (ECF No. 13, at 1.) Plaintiff details how Defendant told Plaintiff to "take off all [his] clothes" and then "shackled" Plaintiff's wrists to his ankles, leaving Plaintiff in that position for twenty-four hours. (*Id*.) Plaintiff further details how he was "in real sever [sic] pain and cryed [sic]" and that "no one would help [him]." (*Id*.) After being left for twenty-four hours in that bent over position, Plaintiff describes how Defendant "hit [Plaintiff] and told [him] that [he] was her bitch." (*Id*. at 2.)

Regarding the objective requirement of a viable § 1983 claim for excessive force, the alleged wrongdoing is objectively harmful enough to establish a constitutional violation since Defendant's actions offend contemporary standards of decency. *See, e.g.*, *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated. This is true whether or not significant injury is evident.") (citation omitted). Defendant's act of shackling Plaintiff in a painful bent over position for a significant length of time, depriving Plaintiff of access to food and bathroom facilities, regardless of whether or not significant injury occurred, is enough to constitute a violation of contemporary standards of decency. As to the subjective requirement, the record indicates that Defendant acted to inflict unnecessary and wanton pain and suffering on Plaintiff, demonstrating a sufficiently culpable mind. The record does not suggest that Defendant acted to maintain or restore discipline, but rather to inflict suffering or to harm Plaintiff, as evidenced by

9

Defendant telling Plaintiff that "she didn't like [him] because what [he was] in prison for . . ." and that "she could rip off [his penis] and no one would care." (ECF No. 13, at 1.)

For these reasons, the undersigned concludes that Plaintiff sufficiently alleges facts establishing the necessary elements of a § 1983 claim on which relief can be granted.

### B. Plaintiff's Damages.

Having determined that jurisdiction, service, and venue are proper, and having found that Plaintiff's Complaint is sufficient, the Court now turns to determining Plaintiff's damages.

"If the court finds that liability is established, it must then turn to the determination of damages. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (2001)). Plaintiff seeks various damages and relief in his pleadings. (ECF Nos. 13, 16). In addition, in Plaintiff's Motions for Default Judgment (ECF Nos. 59, 61), Plaintiff seeks a range of damages from Defendant. Based on this, and the requirement to independently determine damages, the District Court referred this matter to the undersigned Magistrate Judge to conduct an evidentiary hearing. (ECF No. 49.) Finally, because default judgement has been entered, the judgement "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

*1. Plaintiff's Claimed Damages.*

Beginning with his original Complaint, Plaintiff seeks "actual damages in the amount of $150,000 against each defendant . . . consequential damages in the amount of $150,000 against

each defendant . . . [and] double damages in the amount of $300,000."[4] (ECF No. 1, at 14.) Later, in Plaintiff's Particularized Complaint, Plaintiff seeks "$65,000 for the pain . . . and the mental abuse and the sexual harassment" by Defendant. (ECF No. 13, at 2.) In his Second Particular Complaint, Plaintiff "wants the court [to] award money damages in the amount of $52,859.00 and grant injunctive relief by having [Defendant] write latter [sic] saying she [sic] sorry . . . ." (ECF No. 16, at 4.)

After the District Court directed the clerk to enter default judgment against Defendant, the Court instructed Plaintiff to file a motion for default judgment. In Plaintiff's first Motion for Default Judgment, he seeks "$135,000 for the pain . . . and mental and emotional injury" that he has suffered. (ECF No. 59.) In Plaintiff's Second Motion for Default Judgment, Plaintiff reiterates the same figure ($135,000). (ECF No. 61.) Given that the amount of damages Plaintiff seeks has varied in his filings, ranging from $52,859 to $600,000, and because the Court must make an independent determination of damages, the undersigned convened an evidentiary hearing on October 3, 2025. (ECF No. 68.) During the evidentiary hearing, Plaintiff testified about the incident and his damages. (ECF No. 76.)  He also called a witness to corroborate his allegations. (*Id*. at 12.) Plaintiff's testimony and Plaintiff's witness's testimony were consistent with the allegations contained in Plaintiff's Complaints and Motions for Default Judgment. However, Plaintiff did not present medical records or documentation regarding the extent and nature of his damages. (*Id*. at 9.)

---

[4] At the time, Plaintiff's Complaint (ECF No. 1) named several other defendants, including Daugherty, all of whom are no longer named defendants in this matter, apart from Daugherty.

 2. *The Court's Independent Assessment of Plaintiff's Damages.*

"[O]nly constitutional deprivations resulting in actual harm are compensable; the abstract value of constitutional rights is not a permissible element of compensatory damages in § 1983 actions." *Denny v. Hinton*, 900 F.2d 251, *available at* 1990 WL 34233, *2 –*3 (4th Cir. Mar. 13, 1990) (No. 88-7211) (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 310 (1986)). Further, "[m]ore than nominal damages do not flow automatically from a finding of a constitutional violation." *Id*. (citing *Taylor v. Green*, 868 F.2d 162 (5th Cir.), *cert. denied*, 493 U.S. 841 (1989)). Punitive damages are available in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Here, Plaintiff is entitled to more than just nominal damages because he presented credible evidence of excessive force and his resulting injuries, and Defendant is liable for causing them. *See Denny*, 1990 WL 34233 at *2 –*3; *see also Wheatley v. Beetar*, 637 F.2d 863, 868 (2d Cir. 1980) (remanding for new trial after finding that the jury "must be instructed to accept as fact that some force was used against Wheatley, that the defendant's liability has already been determined and that an award of compensatory damages is required").

Despite being given the opportunity to do so, Plaintiff did not provide physical or documentary evidence to support a claim that he is entitled to compensatory damages; however, this does not preclude the Court from awarding compensatory damages. *See, e.g.*, *Dillard v. Smith*, No. 7:20-CV-00151, 2021 WL 4060373, at *2 (W.D. Va. Sep. 7, 2021) ("Other circuits, including the Fourth Circuit, have likewise held that a plaintiff's own testimony can provide a sufficient foundation for an award of compensatory damages.") (citing *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 546 (4th Cir. 2003)). Plaintiff presented the Court with uncontroverted testimony

12

describing the physical pain, embarrassment, and emotional distress caused by Defendant's actions. In addition, Plaintiff's witness corroborated Plaintiff's testimony. The record shows that Plaintiff suffered physical pain to his wrists and back as a result of Defendant leaving him in a bent down position for an extended period of time. (ECF No. 76, at 8-10.) He also suffered emotional distress from being left alone for some time, despite his cries for help. (*Id*. at 12-13.) Finally, Plaintiff described the embarrassment from having to urinate on himself after being left with his wrists handcuffed to his ankles for an extended period of time. (ECF No. 16, at 3.)

In addition to a full review of the record, the Court reviewed damages awards in other similar cases to determine a customary and reasonable award.[5] In *Barnard*, the Court awarded the plaintiff, a Virginia inmate, $250 in compensatory damages from each of four defendants and $1,000 in punitive damages from each of three defendants. *Barnard v. Piedmont Reg'l Jail Auth*., No. 3:07CV566, 2009 WL 3416228, at *1 (E.D. Va. Oct. 21, 2009). There, uncontroverted evidence established that the defendants, correctional officers, used unconstitutional excessive force against the plaintiff, resulting in the plaintiff's broken rib, pain, and discomfort for two months after the attack. *See* R. & R. at 12, *Barnard v. Piedmont Reg'l Jail Auth*., No. 3:07CV566 (E.D. Va. June 23, 2009).

Similarly, here, Plaintiff experienced a physically painful and emotionally humiliating action that deprived him of the protections guaranteed to him under the Constitution. He was made

---

[5] *See, e.g.*, *Barnard v. Piedmont Reg'l Jail Auth*., No. CIV.A. 3:07CV566, 2009 WL 3416228, at *1 (E.D. Va. Oct. 21, 2009) (adopting the magistrate judge's recommendation to award Plaintiff $250 in compensatory damages from four defendants each, totaling $1,000); *Richardson v. Bostick*, 2014 WL 3508916, at *7 (E.D.N.C. July 14, 2014) (adopting the magistrate judge's recommendation to award the plaintiff $10,000 in compensatory damages from defendants); *Monclova-Chavez v. McEachern*, No. 1:08-CV-76 AWI BAM, 2015 WL 75084, at *8 (E.D. Cal. Jan. 6, 2015) (magistrate judge recommendation to award the plaintiff $7,000 in compensatory damages).

to stand uncomfortably in a position that exposed him to pain and discomfort for an extended period of time, without the ability to use the toilet on his own, an act that is itself a deprivation of dignity not warranted by the circumstances of this case. Accordingly, the Court recommends that Plaintiff be awarded $2,000 in compensatory damages.

Furthermore, in line with requirements set forth in *Smith v. Wade*, 461 U.S. 30, 56 (1983), the record supports a finding that Defendant's actions were "motivated by evil motive or intent," and "involve[d] reckless or callous indifference to the federally protected rights of [Plaintiff]." [6] Defendant left Plaintiff chained to the floor in a bent-over position for a lengthy period of time because "she did[n't] like [Plaintiff] because [of] what [he was] in prison for . . . ." (ECF No. 13, at 1.) Moreover, Defendant's malicious motivation and callous indifference is evidenced in her statement that "she could rip off [Plaintiff's penis] and no one would care . . . ." (*Id.*) Accordingly, the Court recommends that Plaintiff be awarded $1,000 in punitive damages.

### III.   CONCLUSION

For the reasons discussed above, the Court sets forth the following proposed findings, conclusions, and recommendations:

(1) Subject matter jurisdiction, personal jurisdiction, and venue are proper;

(2) Plaintiff's Particularized Complaint alleges facts establishing the necessary elements of a § 1983 claim upon which relief can be granted; and

(3) Plaintiff be awarded $2,000 in compensatory damages and $1,000 in punitive damages from Defendant.

---

[6] As previously noted, the judgement of the Court is limited to the kind of relief requested by Plaintiff in his pleadings. *See* Fed. R. Civ. P. 54(c). Based on the requirement to liberally construe *pro se* pleadings, this Court interprets Plaintiff's Motion for Default Judgement (ECF No. 61) to request punitive damages. (*See* ECF No. 61 (requesting damages for the pain and injury caused by Defendant's "lack [of] care" and "deliberate[] indifferen[ce]" to Plaintiff's constitutional rights).)

**NOTICE TO PARTIES**

**Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal those findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.**

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: November 25, 2025