IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER LUMPKIN,                  )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )          Civil Action No. 3:23CV80–HEH
                                      )
DAUGHERTY,                            )
                                      )
        Defendant.                    )

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion as Moot)

Christopher Lumpkin, a Virginia inmate proceeding *pro se*, brings this action

under 42 U.S.C. § 1983, alleging that Defendant Daugherty, a former corrections officer

at Sussex I State Prison, violated his Eighth Amendment rights by subjecting him to cruel

and unusual punishment. The Clerk entered default against Defendant Daugherty on

January 27, 2025. (ECF No. 50.) Lumpkin then moved for default judgment.

(ECF No. 61.) The matter was referred to the Magistrate Judge for a Report and

Recommendation on the Motion for Default Judgment, pursuant to 28 U.S.C.

§ 636(b)(1)(B), specifically to determine Lumpkin's damages and to assess whether

Lumpkin properly set forth the requisite factual and legal basis for the Court's subject

matter jurisdiction, personal jurisdiction, and venue. (ECF No. 49.)

On October 3, 2025, the Magistrate Judge held an evidentiary hearing. On

November 25, 2025, the Magistrate Judge issued a Report and Recommendation

(ECF No. 78) recommending that Lumpkin had sufficiently proven his damages and

recommending that the Court enter judgment for Lumpkin in the amount of $3,000, consisting of $2,000 in compensatory damages and $1,000 in punitive damages. (*Id.* at 2.)[1] The Magistrate Judge advised Lumpkin that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Because Lumpkin did not respond, by Memorandum Opinion and Order entered on December 22, 2025, the Court adopted the Report and Recommendation (ECF No. 78), granted the Motion for Default Judgment, and awarded Lumpkin $3,000 in damages against Defendant Daugherty. The action was then dismissed.

On January 20, 2026, the Court received a submission from Lumpkin entitled, "Notice Motion and Appeal." (ECF No. 82.) In that submission, Lumpkin "ask[s] the Honorable Court to not dismiss the case because I never got the Report and Recommendation" because he was transferred. (*Id.* at 1.) Because Petitioner's submission was received within twenty-eight days after the entry of the December 22, 2025 Memorandum Opinion and Order,[2] the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (holding that a filing made within the requisite Rule 59(e) timeframe shall be construed as a Rule 59(e) motion (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

---

[1] The Court employs the pagination assigned to the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from Lumpkin's submissions.

[2] The envelope shows that Lumpkin mailed this letter on January 14, 2026. (ECF No. 82-1, at 1.) The Court deems it filed as of this date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

However, in a subsequent letter, received on February 9, 2026, Lumpkin states:

> I sent a motion not to dismiss[] the civil action No. 3:23-cv-80-HEH because I never go[t] the Report and Recommendation. I [am] willing to [sic] $3,000 in damages against the Defendant. If Court don't do that I want to appeal case. Please write back and [let me] know what Court does on this case.

(ECF No. 85, at 1.) Therefore, it is not entirely clear whether Lumpkin wants the opportunity to object to the Report and Recommendation or if he is satisfied with the outcome of the case—that the Court awarded Lumpkin $3,000 in damages against Defendant Daugherty.

Accordingly, by Memorandum Order entered on March 3, 2026, the Court directed Lumpkin, within thirty (30) days of the date of entry thereof, to clearly state whether he wants the Court to re-open the case and allow him time to file objections to the Report and Recommendation OR if he is satisfied with the award of $3,000 in damages against Defendant Daugherty. The Court explained that a failure to respond within that time would result in the denial of the Rule 59(e) Motion and the case would remain closed. *See* Fed. R. Civ. P. 41(b).

On April 3, 2026, the Court received a response from Lumpkin. Lumpkin states: "I am writing the Court to let y'all know [I am] satisfied with the outcome of the case that the Court awarded me $3,000 in damages against Defendant Daugherty." (ECF No. 89, at 1.) Thus, it appears that Lumpkin no longer seeks the Court to reconsider the December 22, 2025 Memorandum Opinion awarding Lumpkin §3,000. Accordingly, the Rule 59(e) Motion (ECF No. 82) will be denied as moot.

3

Lumpkin also "ask[s the] Court to put a garnishment on Defendant Daugherty the Court can get her social security and other info from Virginia Department of Corrections where she use to work." (ECF No. 89, at 1.)  Lumpkin fails to identify a procedural vehicle that would authorize the Court to order the action he seeks.  Accordingly, Lumpkin's request to "put a garnishment on Defendant Daugherty" (ECF No. 89) will be denied.

An appropriate Final Order shall accompany this Memorandum Opinion.

_____ /s/

Henry E. Hudson
Senior United States District Court

Date: Apr: 19, 2026
Richmond, Virginia

4